Certiorari to review judgment of the Court of Claims dismissing the petitions of plaintiffs for refund of income tax.
The judgment of the Court was affirmed, December 5, 1938, (305 U. S. 281) the Supreme Court stating:
The question decisive of this case is whether, under Secs. 23 and 101 of the Revenue Act of 1928,45 Stat. 791, upon a liquidation of a corporation, stockholders’ losses from their investment in its stock, held for more than two years, are ordinary losses deductible in full from *750 Sross income, or capital losses, 12%% of which is de-uctible under. Sec. 101 from the tax as computed without regard to such losses.
The decedent in each of these cases made an investment represented by shares of stock in a corporation. Upon complete liquidation of the corporation, more than two years later, the total liquidating dividends on the stock amounted to less than the cost of the investment. In their income tax returns, for 1929 petitioners deducted from gross income the losses of their respective decedents. The commissioner ruled that the losses were capital net losses of which only 12%% was deductible, as provided by Sec. 101, and he accordingly found deficiencies, which petitioners paid.
In the present. suits, brought by petitioners in the Court of Claims to recover the payments of the deficiencies as overpayments of 1929 tax, recovery was denied. We granted' certiorari, to resolve a. conflict between the decision below and that of the Court of Appeals for the Ninth Circuit in Chester N. Weaver Co. v. Commissioner, certiorari granted, which arose under related sections of the 1932 Revenue Act. * * *
■ The Supreme Court held that Sections 23 and 101 place capital gains and losses on a different basis from other types of gains and losses for the purpose of computing the tax, stating:
The losses here sustained are concededly losses on investments of capital, entitled to recognition in the computation of taxable net income, but petitioners’ contention is that as the losses did not result from a sale or exchange of the stock they are not capital losses within the meaning of Section 101, which limits the deduction of such losses, and that in consequence they fall into the category of ordinary losses, deductible in full under Section 23. The answer- to this contention turns upon the meaning and effect of Section 115 (c), which relates to distributions by corporations and appears in Supplement B of the 1928 Act. * * *
Section 115 (c) and Sections 111 and 112, to which it refers, standing alone give no clue to the part which a stockholder’s loss on liquidation is to play, in computation of the tax, more than they give in the case of gains and losses upon sales or exchanges of property. In each case they tell how the gain or loss is to be “determined” and declare that it shall be “recognized.” But as Section 115 says that the gain or loss upon liquidation is to be “recognized” only to the extent to which gains or losses *751 upon sales or exchanges of property are recognized by Section 122, it follows that m one case, as in the other, we must turn to the general provisions of the Act to learn what recognition is to be given to the gains or losses under Sections 12, 22 and 23, as supplemented by Section 101. Admittedly the recognition accorded by Section 112 to gains and losses on sales of capital assets is controlled by Section 101, and Section llo (c), with its reference to Section 112, is explicit that gains and losses upon liquidations are to receive the recognition accorded to gains and losses upon sales of property. Consequently the recognition required by Section 115 (c) of gains and losses on liquidations must, we think, be taken to be the same as that accorded to gains and losses upon sales of property in the computation of the tax under the general provisions to which Section 115 and Section 112 are supplementary and to be subject to the same restrictions as are imposed upon recognition of gains and losses from sales by the provisions of the supplementary section 101. Stockholders’ gains and losses upon liquidation of the corporation are thus taxed on the same basis as gains or losses upon sales and exchanges of property, with the rate of tax and deductions prescribed by Section 101. * * *
The repeated reenactment of Sections 101 and 115 (c), as they appear in the Revenue Acts of 1924, 1928, and 1932, is upon accepted principles a Congressional adoption of the regulations as correctly' interpreting those sections and is Congressional recognition that Sections 101 and 115 (c) are to be read together in order to ascertain the method by which gains and losses upon liquidation are to be taxed. The method, in the case of stock held for more than two years, is that applied by Section 101 to capital gains and losses from the sale or exchange of property. * * *
Mr. Justice Stone delivered the opinion of the Court; Mr. Justice McReynolds, Mr. Justice Butler, and Mr. Justice Roberts dissenting.